# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WALLACE RODRIGUEZ** | * | **CIVIL ACTION:** |
| | * | |
| **VERSUS** | * | **SECTION** |
| | * | |
| **WAL-MART LOUISIANA, LLC and** | * | **JUDGE** |
| **WAL-MART STORES, INC.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:  The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendants, Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. ("hereinafter collectively referred to as Wal-Mart") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.  On August 21, 2017, Wallace Rodriguez filed this lawsuit against Wal-Mart in the Civil Judicial District Court for the Parish of Orleans, State of Louisiana, bearing Case No. 2017-8086, Division "M-13", and entitled *Wallace Rodriguez v. Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc.* (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2.  Wal-Mart was served with this petition on September 7, 2017 through its agent for service of process, CT Corporation. (*See* CT Corporation Service of Process Transmittal Notice and Citation attached hereto *in globo* and marked for identification as Exhibit "B".)

3.  The suit seeks damages from Wal-Mart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident which occurred at the Wal-Mart

Supercenter Store number 1163, located at 4001 Behrman Highway, New Orleans, LA on August 28, 2016.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

4. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

5. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

6. Plaintiff is claiming injuries and damages that, if true, which defendant vehemently denies, places an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff alleges in paragraph 9 of his petition for damages that he sustained "permanent disability", and went on to describe the injuries to his spine and knee as follows:

   a. Spinal hypertrophy;

   b. Herniation of spinal discs at C-5-C6 with severe neurocompression and joint hypertrophy;

   c. Bulging spinal discs in C6-C7;

      d. Spinal herniation of discs at L3-L5;

      e. Torn lateral meniscus;

      f. Torn medial meniscus;

      g. Prepatellar swelling;

      h. MCL sprain; and

      i. Mental anguish and suffering.

Plaintiff also claims past and future physical pain and suffering, medical expenses, lost wages, future impairment of earning capacity, and loss of enjoyment of life. (See Exhibit "A", Paragraph 9.)

7. While Wal-Mart admits no liability, nor any element of damages, Wal-Mart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B. COMPLETE DIVERSITY

9. Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability company with its principal place of business in Bentonville, Arkansas. The sole member of Wal-

Mart Stores East, LLC is its parent company Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

10. Defendant, Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

11. Plaintiff is a resident of and domiciled in the Parish of Jefferson, State of Louisiana.

12. Accordingly, there is complete diversity of citizenship between the Plaintiff and the defendants.

13. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

II. **WAL-MART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

14. This Notice of Removal is being filed within thirty (30) days after first receipt by Wal-Mart of a copy of the initial pleading setting forth the claim or relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

15. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

16. The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

17. No previous application has been made by Wal-Mart in this case for the relief requested herein.

18. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Wallace Rodriguez, and a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

19. Petitioners, Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc., desire and are entitled to **trial by jury** of all issues herein

**WHEREFORE**, defendants, Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc., hereby remove this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

s/ Sidney J. Hardy

**SIDNEY J. HARDY, ESQ. (#1938)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH, LLC**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
*Attorney for Wal-Mart Louisiana, LLC*
*And Wal-Mart Stores, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of September, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/ Sidney J. Hardy
_____
**SIDNEY J. HARDY**