UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| RODRIGUEZ | CIVIL ACTION |
|---|---|
| VERSUS | CASE NO. 17-9350 |
| WAL-MART LOUISIANA, LLC and WAL-MART STORES, INC. | SECTION: "G"(2) |

## ORDER

Pending before the Court is Defendants Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC's (collectively, "Defendants") "Motion for Summary Judgment."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

Plaintiff Wallace Rodriguez ("Plaintiff") alleges that on or about August 28, 2016, he slipped and fell in a Wal-Mart store located in New Orleans, Louisiana, owned by Defendants.[2] Plaintiff alleges that he suffered severe physical and mental injuries as a result of the slip and fall.[3]

On August 21, 2017, Plaintiff filed suit against Defendants in the Civil District Court for the Parish of Orleans, State of Louisiana.[4] On September 20, 2017, Defendants removed the case to this Court.[5] On May 7, 2018, Defendants filed the instant motion for summary judgment.[6] On

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 1-1 at 1–2.

[3] *Id.* at 2.

[4] Rec. Doc. 1 at 1.

[5] *Id.*

[6] Rec. Doc. 17.

1

May 15, 2018, Plaintiff filed an opposition to Defendants' motion.[7] On May 22, 2018, Defendants filed a reply to Plaintiff's opposition.[8]

## II. Parties' Arguments

### A. *Defendants' Motion for Summary Judgment*

In the motion, Defendants argue that summary judgment should be granted because Plaintiff cannot show Defendants created the condition or had actual or constructive notice of the condition which allegedly caused Plaintiff's slip and fall.[9] Defendants assert that Plaintiff bears the burden of showing that Defendants "either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence."[10]

First, Defendants assert that Plaintiff has not met his burden of establishing that Defendants created the condition which allegedly caused Plaintiff's injury.[11] Defendants argue that Plaintiff does not allege that Defendants caused the condition, and Defendants contend that "the video surveillance footage confirms that a little girl knocked said bottle of detergent off a display onto the floor in the main aisle."[12] Therefore, Defendants argue that there is no genuine issue of material fact in dispute that a customer created the condition which caused Plaintiff to fall.[13]

---

[7] Rec. Doc. 19.

[8] Rec. Doc. 24.

[9] Rec. Doc. 17-2 at 4.

[10] *Id.* (citing LA. STAT. ANN. § 9:2800.6(B)).

[11] *Id.*

[12] *Id.* at 5.

[13] *Id.*

Second, Defendants contend that Plaintiff has not met his burden of showing that Defendants had actual notice of the spill.[14] Defendants assert that Plaintiff testified in his deposition that "he does not know whether any Walmart employee knew the detergent was on the floor prior to his incident."[15] According to Defendants, the video surveillance footage also shows that no employee walked through the area where Plaintiff allegedly slipped.[16] Therefore, Defendants argue that "Plaintiff does not have factual support essential to his claim that [Defendants] had actual notice of the presence of any foreign substance on the floor prior to [Plaintiff's] incident."[17]

Finally, Defendants assert that Plaintiff has not met his burden of establishing that Defendants had constructive notice of the condition that allegedly caused Plaintiff to slip.[18] Defendants assert that Plaintiff must show that the condition existed for enough time prior to the incident to put the merchant on notice.[19] Defendants assert that the video surveillance footage proves that the detergent was on the floor for approximately five minutes.[20] Defendants argue that "five minutes, as a matter of law, is an insufficient amount of time to establish that [Defendants] had constructive notice of the liquid detergent on the floor which caused Plaintiff's incident."[21]

---

[14] *Id.* at 6.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* (citing *White v. Wal-Mart Stores, Inc.*, 1997-0393 (La. 9/9/97); 699 So. 2d 1081, 1082).

[20] *Id.* at 8.

[21] *Id.* at 7–8 (citing *Robinson v. Wal-Mart Stores, Inc.*, No. 15-1783, 2016 WL 5210711, at *6 (W.D. La. Sept. 15, 2016); *Nash v. Rouse's Enter., LLC,* 2015-1101 (La. App. 1 Cir. 2/26/16); 191 So. 3d 599, 602; *Courington v. Wal-Mart La. LLC*, No. 17-771, 2018 WL 707521, at *4 (W.D. La. 2/2/18); *Delahoussaye v. Delchamps, Inc.*, No 96-1677 (La. App. 3 Cir 4/30/97); 693 So. 2d 867).

Therefore, because there is no other evidence establishing constructive notice of the spill, Defendants assert they are entitled to judgment as a matter of law.[22]

### B. *Plaintiff's Opposition to Defendants' Motion*

In opposition, Plaintiff first asserts that the motion should be denied because Defendants had actual notice of the condition that allegedly caused Plaintiff to slip and fall.[23] Plaintiff asserts that during his deposition one of Defendants' employees testified that a store patron informed him "that there was a spill that almost caused him to fall at some point prior to [Plaintiff's] slip."[24] Moreover, according to Plaintiff, Defendants' surveillance camera is positioned to focus on the area of Plaintiff's alleged fall and "may have been actively monitored at the time of the spill and [Plaintiff's] subsequent injury."[25]

Second, Plaintiff asserts that the motion should be denied because Defendants had constructive notice of the spill.[26] Plaintiff contends that Defendants have implemented "safety sweeps," where employees periodically check assigned areas for hazards.[27] Plaintiff further asserts that no employee of Defendants had performed a safety sweep of the area of Plaintiff's alleged incident for at least twenty minutes prior to the incident.[28] Plaintiff also avers that Defendants

---

[22] *Id.* at 8.

[23] Rec. Doc. 19 at 4.

[24] *Id.* at 4–5.

[25] *Id.* at 5.

[26] *Id.* at 6.

[27] *Id.*

[28] *Id.* at 7. According to Plaintiffs, no sweep occurred despite the fact that the area was recognized as a high traffic area.

4

should have known that a spill occurred because a surveillance camera was located directly above the relevant area.²⁹

Plaintiff further asserts that he has shown that the condition existed for some period of time before his injury.³⁰ Plaintiff contends that the Fifth Circuit has stated that "there is no 'bright-line' rule that specifies what 'some period of time' is."³¹ Instead, Plaintiff asserts that whether that period of time is enough to constitute constructive notice is a question of fact.³² Plaintiff then argues that the surveillance video demonstrates that the condition existed for "some period of time" prior to Plaintiff's alleged incident.³³ Accordingly, Plaintiff asserts that the motion for summary judgment should be denied because there are disputed issues of material fact regarding Defendants' actual and constructive notice of the spill.

## C. Defendants' Reply to Plaintiff's Opposition

In reply, Defendants first assert that "the frequency or lack thereof of safety sweeps [does] not establish constructive notice absent other facts or evidence establishing that [Defendants] knew or should have known of the existence of the liquid detergent spill on the floor."³⁴ Moreover, Defendants state that the fact that Defendants are generally aware of spills in a store does not constitute constructive notice for the instant spill.³⁵ Defendants then contend that Plaintiff must present "positive evidence" of constructive notice, rather than showing that Defendants did not

---

²⁹ *Id.*

³⁰ *Id.* at 8.

³¹ *Id.* (citing *Leger v. Wal-Mart La. LLC*, 343 F. App'x 953, 954 (5th Cir. 2009)).

³² *Id.* (citing *White v. Wal-Mart Stores, Inc.*, 669 So. 2d 1081 (La. 1997)).

³³ *Id.* at 9.

³⁴ Rec. Doc. 24 at 1–2.

³⁵ *Id.* at 2.

follow their procedure.[36] Defendants assert that Plaintiff presents no evidence that an employee of Defendants walked through the area where Plaintiff slipped.[37] Defendants also assert that the presence of a camera above the area of Plaintiff's incident "does not impute notice of the detergent spill as [Defendants'] surveillance video cameras are typically only used for the purpose of going back and reviewing events that previously occurred . . . ."[38] Defendant argues that the presence of the camera creates a "mere possibility that the security cameras were monitored [which] . . . is not enough to meet the stringent burden imposed upon a plaintiff."[39]

Moreover, Defendants assert that the detergent was on the floor for five minutes and four seconds prior to Plaintiff's incident.[40] Defendants assert that both Louisiana state and federal courts have held that five minutes "is an insufficient amount of time to establish that a merchant defendant had constructive notice of an allegedly dangerous condition."[41] Defendants contend that Plaintiff has not distinguished the instant situation from such cases.[42] As a result, Defendants argue that Plaintiff has not met his burden of proof of showing that five minutes was a sufficient period of time to establish that Defendants had constructive notice of the detergent on the floor.[43]

Last, Defendants argue that Plaintiff cannot show that Defendants' employee, Eric Phoenix ("Phoenix"), failed to act reasonably under the circumstances after a customer told him about the

---

[36] *Id.*

[37] *Id.* at 3.

[38] *Id.* at 4.

[39] *Id.* at 5.

[40] *Id.*

[41] *Id.* at 6.

[42] *Id.*

[43] *Id.* at 6–7.

6

detergent on the floor.[44] According to Defendants, Phoenix immediately went to the area of the spill after the customer reported it to him.[45] As a result, Defendants argue that "Mr. Phoenix's reaction was appropriate and adequate."[46] Accordingly, Defendants assert that there are no genuine issues of material fact in dispute and they are entitled to judgment as a matter of law.

### III. Legal Standard

*A.    Legal Standard for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[47] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[48] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[49] If the record, as a whole, could not lead a rational trier of fact to find for the nonmoving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[50]

---

[44] *Id.* at 7.

[45] *Id.* at 7–8.

[46] *Id.* at 8.

[47] Fed. R.Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[48] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[49] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[50] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

7

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[51] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[52] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[53] In doing so, the nonmoving party may not rest upon mere allegations or denials in its pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[54] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[55] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[56]

---

[51] *Celotex,* 477 U.S. at 323.

[52] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (citing *Little v. Liquid Air Corp.*, 939 F.2d 1293, 1299 (5th Cir. 1991)).

[53] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[54] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[55] *Little*, 37 F.3d at 1075.

[56] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

Furthermore, it is well-established that "[u]nauthenticated documents are improper as summary judgment evidence."[57]

## B.     *Applicable Law on Merchant Liability*

For a plaintiff to prevail against a merchant in a slip and fall negligence action such as the one here, the plaintiff must show that the merchant is negligent under Louisiana Revised Statute § 9:2800.6.[58] Under Louisiana Revised Statute § 9:2800.6, a plaintiff bringing a negligence claim against a merchant for a fall allegedly caused by conditions existing on a merchant's premises must show that: (1) "[t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable"; (2) "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence"; and (3) "[t]he merchant failed to exercise reasonable care." To prevail, the plaintiff must prove all three elements of the merchant liability statute.[59] Therefore, even if the plaintiff prevails on the "risk of harm" and "reasonable care" elements, the plaintiff may not sustain a negligence cause of action unless the plaintiff can also prove that the merchant had actual or constructive notice of the condition that caused the damage.[60]

---

[57] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

[58] *See Howard v. Family Dollar Store No. 5006*, 40-282 (La. App. 2 Cir. 10/26/05); 914 So. 2d 118, 120; *Menjivar v. Rouse's Enters., L.L.C.*, 03-0808, p. 5 (La. App. 5 Cir. 12/30/03); 865 So. 2d 176, 178; *Dickerson v. Winn-Dixie, Inc.*, 2001-0807, p. 3 (La. App. 1 Cir. 2/27/02); 816 So. 2d 315, 317; *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081, 1083.

[59] *White*, 699 So. 2d at 1084.

[60] *See id.*

## IV. Analysis

Defendants first argue that Plaintiff has not met his burden of showing that Defendants had actual notice of the condition that caused Plaintiff's alleged injury.[61] Plaintiff asserts that a store employee, Eric Phoenix, was informed of the condition prior to Plaintiff's alleged injury.[62] In reply, Defendants assert that Plaintiff cannot prove that Defendants' employee did not act reasonably under the circumstances, as the employee immediately went to the area of the alleged condition after being informed of it.[63]

The question of whether a party has breached a duty of reasonable care "is a factual one to be left to the fact-finder."[64] Here, there remains a question of fact as to whether Defendants had actual notice of the condition before Plaintiff's alleged injury. Plaintiff specifically identifies the deposition of one of Defendants' employees to show that the employee was told of the potential condition before Plaintiff's alleged slip and fall.[65] Moreover, whether Defendants' employee acted reasonably upon being informed of the alleged condition is a question of fact. Therefore, summary judgment must be denied because there remains genuine questions of material fact as to whether Defendants had actual notice of the condition and if Defendants exercised reasonable care after being informed of the condition.

---

[61] Rec. Doc. 17-2 at 6.

[62] Rec. Doc. 19 at 5.

[63] Rec. Doc. 24 at 7.

[64] *Robertson v. Blanchard Contractors, Inc.*, No. 11-1453, 2012 WL 6202988, at *10 (E.D. La. Dec. 12, 2012) (Brown, J.).

[65] Rec. Doc. 19 at 5.

Second, Defendants assert that Plaintiff cannot show that Defendants had constructive notice of the condition that allegedly caused Plaintiff's slip and fall accident.[66] According to Defendants, video surveillance footage proves that the substance was on the floor for approximately five minutes, which Defendants assert is an insufficient period of time to put the merchant on notice of the condition.[67] Plaintiff asserts that he has shown that the condition existed for some period of time, therefore, whether Defendants had constructive notice is a question of fact.[68]

"Constructive notice means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."[69] "Whether the period of time that a condition existed was sufficient to provide a merchant with constructive notice is a fact question that must be submitted to the jury."[70] "However, there remains the prerequisite showing of some time period."[71] "There is no bright line time period, but 'some positive evidence is required of how long the condition existed prior to the fall.'"[72]

In *Bagley v. Albertsons, Inc.*, the Fifth Circuit held that a plaintiff presented sufficient evidence to survive summary judgment on the issue of constructive notice in a slip and fall case.[73] The plaintiff slipped and fell on a liquid substance that was spilled in an aisle of a grocery store.[74]

---

[66] Rec. Doc. 17-2 at 6.

[67] *Id.*

[68] Rec. Doc. 19 at 8.

[69] *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (citing LA. STAT. ANN. § 9:2800.6(B)(2) (1996)).

[70] *Id.* at 331 (citing *Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898–99 (La. App. 2d Cir. 2003)).

[71] *Id.* (citing *Allen*, 850 So. 2d at 898–99).

[72] *Id.* (citing *Robinson v. Brookshires # 26*, 769 So. 2d 639, 642 (La. App. 2d Cir. 2000)).

[73] *Id.*

The plaintiff could not testify exactly how long the puddle had been on the floor, but she did present testimony that "the spill covered a significant area extending through the aisle and into an adjoining back aisle."[75] The Fifth Circuit stated that this testimony supported the inference that the liquid leaked from another customer's cart.[76] Considering the plaintiff's testimony that the aisle was empty when she entered it, the Fifth Circuit stated that there was a "reasonable inference that the other cart had sufficient time to clear the aisle, implying the passage of 'some period of time.'"[77] Therefore, the Fifth Circuit determined that there remained a question of fact as to whether the grocery store had constructive notice of the condition.[78]

Here, Defendants do not dispute that the condition in the aisle of the store existed for approximately five minutes.[79] Thus, Defendants acknowledge that the condition existed for "some period of time."[80] Defendants offer non-binding authority to support their assertion that five minutes is an insufficient period for constructive notice, and the Fifth Circuit has explicitly stated that "[t]here is no bright line time period" for what constitutes constructive notice.[81] Similar to the facts in *Bagley*, Defendants state that the child of another shopper caused the spill on the floor, and Plaintiff's accident thereafter occurred with sufficient time for that shopper and her child to clear

---

[74] *Id.* at 329.

[75] *Id.* at 331.

[76] *Id.*

[77] *Id.*

[78] *Id.*

[79] Rec. Doc. 17-2 at 3.

[80] *See Bagley*, 492 F.3d at 331.

[81] *Id.*

12

the aisle.[82] Thus, there remains a question of fact as to whether Defendants had constructive notice of the condition.

Moreover, each of the cases that Defendants cite to support their assertion that five minutes, as a matter of law, is an insufficient period of time to establish constructive notice is distinguishable from the instant case. In *Nash v. Rouse's Enterprises, LLC*, the Louisiana First Circuit Court of Appeal determined that the plaintiff produced no positive evidence to show that the condition was on the floor for any period of time.[83] Likewise, in *Robinson v. Wal-Mart Stores, Inc.*, a court in the Western District of Louisiana stated the plaintiff submitted only photographs that were neither verified nor authenticated and stated that it was "unable to determine, from simply looking at the photographs, whether there is any water on the floor of the aisle."[84] In *Courington v. Wal-Mart Louisiana, LLC*, a court in the Western District of Louisiana determined that video surveillance did not show that another customer dropped ice on a floor which plaintiff alleged caused a condition, and the plaintiff did not submit any other evidence "to create a genuine issue of material fact for trial as to the temporal requirement."[85] In both *Robinson* and *Courington*, the courts respectively stated in dicta that sixteen minutes and six minutes were insufficient to impose constructive notice; however, these statements did not form the basis of the courts' holdings.[86] Finally, in *Delahoussaye v. Delchamps, Inc.*, contrary to Defendants' assertion, the Louisiana Third Circuit Court of Appeal did not hold that five minutes was insufficient to impose

---

[82] *See id.*

[83] 2015-1101 (La. App. 1 Cir. 2/26/16); 191 So. 3d 599, 602.

[84] No. 15-1783, 2016 WL 5210711, at *5 (W.D. La. Sept. 15, 2016).

[85] No. 17-00771, 2018 WL 707521, at *4 (W.D. La. Feb. 2, 2018).

[86] 2016 WL 5210711, at *5; 2018 WL 707521, at *4.

constructive notice.[87] Instead, the Third Circuit held that the trial court's findings of fact were not manifestly erroneous or clearly wrong when the trial court made a factual finding that a store did not have constructive notice of a condition that allegedly occurred within five minutes of the plaintiff's slip and fall accident.[88] Accordingly, because there remains a question of fact as to whether Defendants had constructive notice of the condition in this case, summary judgment must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC's "Motion for Summary Judgment" is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 3rd day of July, 2018.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[87] No. 96-1677 (La. App. 3 Cir. 4/30/97); 693 So. 2d 867, 870.

[88] *Id.*