UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| RODRIGUEZ | CIVIL ACTION |
|---|---|
| VERSUS | CASE NO. 17-9350 |
| WAL-MART LOUISIANA, LLC and WAL-MART STORES, INC. | SECTION: "G"(2) |

## ORDER

Pending before the Court are Plaintiff Wallace Rodriguez's ("Plaintiff") "Memorandum on Amount in Controversy"[1] and Defendants Wal-Mart Stores, Inc. and Wal-Mart Louisiana LLC's (collectively, "Defendants") "Memorandum on Amount in Controversy."[2] On August 21, 2017, Plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans, State of Louisiana, for injuries allegedly sustained on August 28, 2016, as a result of a slip and fall.[3] Defendants removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4]

On July 10, 2018, finding that the parties failed to confirm that the amount in controversy exceeds $75,000 in the "Proposed Pre-Trial Order" and that the notice of removal lacked sufficient information to support subject matter jurisdiction, the Court ordered the parties to submit briefing regarding the amount in controversy at the time of removal of this case.[5] On July 11, 2018, the parties submitted separate memoranda as to the amount in controversy.[6] Having considered the

---

[1] Rec. Doc. 50.

[2] Rec. Doc. 51.

[3] *See* 1-1 at 2.

[4] Rec. Doc. 1.

[5] Rec. Doc. 50.
[6] Rec. Doc. 50; Rec. Doc. 51.

1

petition for damages, the notice of removal, and the memoranda on the amount in controversy, the Court finds that it lacks subject matter jurisdiction over the case and remands the action to state court.

## I. Parties' Arguments

*A. Defendants' Memorandum on Amount in Controversy*

Defendants argue that the amount in controversy exceeds $75,000, as Plaintiff is alleging a torn medial and lateral meniscus, prepatellar swelling, medial collateral ligament sprain, aggravation of prior spinal herniations at C4-C5, and herniations of the L4-L5 vertebrae.[7] Defendants assert that Louisiana courts have consistently awarded an excess of $50,000 in general damages for a torn meniscus.[8] Moreover, Defendants assert that Louisiana courts have consistently awarded an excess of $100,000 in general damages for an unoperated herniated disc.[9] As a result, Defendants argue that the amount in controversy for Plaintiff's alleged injuries well exceeds $75,000.

*B. Plaintiff's Memorandum on Amount in Controversy*

Plaintiff asserts that in his petition, he disclosed no amount in controversy, but Plaintiff argues that his damages "may exceed $75,000."[10] Plaintiff asserts that his orthopedist determined that Plaintiff has suffered "a torn lateral and [medial] meniscus and that [Plaintiff] would require

---

[7] Rec. Doc. 51 at 1.

[8] *Id.* (citing *Miller v. Wal-Mart, Inc.,* JVR No. 136672, 1992 WL 686542 (La. Dist. Ct. 1992); *Rubenstein v. ABC Ins. Co.*, No. 216,721, 2009 WL 5910506 (La. Dist. Ct. 2018)).

[9] *Id.* at 2 (citing *Goodwyne v. People's Moss Gin, Inc.* 96-1340 (La. App. 3 Cir 4/30/97); 694 So. 2d 1101, 1107; *Hoyt v. Gray Ins. Co.*, No. 2000-2517 (La. App. 4 Cir. 1/31/02); 809 So. 2d 1076, 1084).

[10] Rec. Doc. 52 at 1–2. Plaintiff states that Louisiana Civil Code Article 893 prohibits plaintiffs from disclosing an amount in controversy. *Id.* at 1.

a lateral and medial menisctectomy and chondroplasty."[11] Moreover, Plaintiff contends that his orthopedist also determined that Plaintiff "would need spinal 'injections' or a 'discectomy,' for his neuro-compressed areas of his spine that include C-4 through C-5 [and] L-4 through L-5."[12] However, Plaintiff asserts that although his orthopedist plans to testify as to the anticipated cost of these procedures, "Plaintiff is uncertain what those amounts may be."[13] As a result, Plaintiff contends that he "can only rely upon a review of quantum of other similarly situated cases."[14]

Plaintiff avers that his case is similar to *Payton v. City of New Orleans*, where the Louisiana Fourth Circuit Court of Appeal found a general damages award of $100,000 was not unreasonable where the plaintiff suffered spinal injuries and a knee injury after tripping and falling.[15] Moreover, Plaintiff also asserts that his case is similar to *Gaston v. G & D Marine*, where the Louisiana Fourth Circuit Court of Appeal similarly found that a $100,000 award for spinal injuries suffered after the plaintiff stepped off a "crew boat" was not unreasonable when the injuries constituted a re-aggravation of existing conditions.[16]

## II. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[17] A federal court has subject matter jurisdiction over an action "where the matter for controversy exceeds the sum or value of $75,000" and the action "is between

---

[11] *Id.*

[12] *Id.*

[13] *Id.* at 2–3.

[14] *Id.* at 3.

[15] *Id.* (citing *Payton v. City of New Orleans*, No. 96-0109 (La. App. 4 Cir. 6/26/96); 679 So. 2d 446, 452).

[16] *Id.* at 3 (citing *Gaston v. G & D Marine Servs., Inc.*, No. 93-0182 (La. App. 4 Cir. 1/4/94); 631 So. 2d 547, 554).

[17] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

3

citizens of different states."[18] "When removal is based on diversity of citizenship, the diversity must exist at the time of the removal."[19] The removing party bears the burden of demonstrating that federal jurisdiction exists.[20] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[21] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[22]

Pursuant to Fifth Circuit precedent, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[23] When the plaintiff alleges a figure in excess of the required amount in controversy, "that amount controls if made in good faith."[24] If the plaintiff pleads less than the jurisdictional amount, this figure will also generally control, barring removal.[25]

However, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[26] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth

---

[18] 28 U.S.C. § 1332(a)(1).

[19] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Prac. and Proc.* § 3723 (1998 ed.)).

[20] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[21] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[22] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[23] *See Allen*, 63 F.3d at 1335.

[24] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[25] *Id.*

Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[27] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[28] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[29]

### III. Analysis

Defendants assert that a quantum study of Plaintiff's injuries demonstrates that the amount in controversy exceeds $75,000.[30] Plaintiff acknowledges that he is uncertain what the amount in controversy may be, but he asserts that plaintiffs in two similar cases were awarded more than $75,000.[31]

Considering Plaintiff's petition was filed in Louisiana state court, he has not pled a specific amount of damages, so the burden is on removing Defendants to prove by a preponderance of the evidence that the amount in controversy requirement is met.[32]

Here, the parties' arguments regarding quantum research falls short of the standard which

---

[26] *See* La. Code Civ. P. art. 893.

[27] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[28] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[29] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[30] Rec. Doc. 51 at 1–2.

[31] Rec. Doc. 52 at 3.

[32] *Gebbia*, 233 F.3d at 882.

5

requires that a party "[set] forth facts in controversy . . . that support a finding of the requisite amount."[33] By pointing to cases where plaintiffs recovered general damages in excess of $75,000, the parties have merely exemplified the amount in damages that Plaintiff could recover; yet, the parties wholly ignore cases involving similar injuries where plaintiffs received general damages less than $75,000.[34] To the extent "[t]he Fifth Circuit has explained a 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely than not' standard," Defendants' speculation of general damages that Plaintiff could recover is insufficient to establish subject matter jurisdiction.[35]

Moreover, Plaintiff contends that his medical expenses to date are approximately $7,500, which is well short of exceeding $75,000.[36] Neither Defendants nor Plaintiff have produced any evidence of the costs of any treatment or care outside of the medical expenses already incurred, nor do they establish what additional costs may be incurred in future medical damages or any other quantifiable damages alleged by Plaintiff. In fact, Plaintiff concedes that he is uncertain what the amount of future medical damages may be.[37] As a result, the general damages alleged in this case are too speculative for the Court to find by a preponderance of the evidence that they would satisfy the requisite amount in controversy. Therefore, the Court lacks subject matter jurisdiction over the instant action and will remand the case to state court.

---

[33] *Simon*, 193 F.3d at 850.

[34] *See, e.g., Nguyen v. Grafton*, 2007-0046 (La. App. 4 Cir. 6/27/07), 962 So. 2d 488), 490 (holding that trial court's award of general damages in the amount of $35,000 to plaintiff who suffered two herniated cervical discs was not an abuse of discretion).

[35] *Lee v. Standard Fire Ins. Co*., No. CV 17-1088, 2017 WL 2983234, at *4 (E.D. La. July 7, 2017) (Brown, J.) (citing *Allen,* 63 F.3d at 1336).

[36] *See* Rec. Doc. 55 at 4.

[37] Rec. Doc. 52 at 3.

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 12th day of July, 2018.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**